FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 SEP -5 PM 12: 10
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND GILL                           *

Petitioner                             *

v                                      *        Civil Action No. RDB-17-2287

DETECTIVE SE. MORANO,                  *
DETECTIVE PETER HAMILTON,
BALITMORE COUNTY DETENTION             *
CENTER, and
UNITED STATES OF AMERICA               *

Respondents                            *
                                     ***

## MEMORANDUM

The above-captioned case, filed August 7, 2017, seeks both Petitioner's release from incarceration and monetary damages of 5.5 million dollars. ECF 1 at pp. 2 & 5. Petitioner moves for leave to proceed in forma pauperis; the motion shall be granted. ECF 2.

Petitioner Raymond Gill is committed to the custody of the Federal Bureau of Prisons and currently confined in the United States Penitentiary-Hazelton. The named Respondents are detectives with the Baltimore County Police, Bank Robbery Task Force who were involved in Gill's arrest on August 27, 2013. ECF 1 at p. 2. Gill states he was indicted by the State of Maryland on September 30, 2013, on charges of armed robbery, robbery, and use of a firearm in the commission of a violent crime. Ultimately a disposition of Nolle Prosequi was entered on all pending State charges. *Id.* Gill then alleges that he "never received an arrest warrant from the Federal Government at any time, he received a Federal Indictment on 10/23/2013, 23 days after his State Indictment." *Id.* The remainder of the petition are legal conclusions and arguments without reference to any alleged facts to support Gill's conclusion that he is entitled to 5.5 million dollars or release from incarceration. *Id.* at pp. 2 – 4. In a section entitled "conclusion,"

Gill states that no detainer was filed with Baltimore County Detention Center by the federal government and raises vague allegations regarding his arraignment date in this Court and the date that an attorney first entered his appearance in the case. *Id.* at pp. 4 – 5.

This self-styled petition is Gill's fifth attempt to file a suit for damages and simultaneously claim that there were constitutional defects in the criminal case[1] against him in this Court. *See Gill v. Podlesni, et al.*, Civil Action RDB-16-1475 (D. Md.); *Gill v. Ciambuschini, et al.*, Civil Action JFM-17-32 (D. Md.) (dismissed with "strike" January 11, 2017 (ECF 3)); *Gill v. United States Marshal's Service*, Civil Action JFM-17-34 (D. Md.) (dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U. S. 477, 486-87 (1994)), *Gill v. Ahfeldt*, Civil Action JFM-17-143 (D. Md.) (same). The instant petition does not state a claim upon which relief may be granted.

For purposes of a damages claim under 42 U.S.C. §1983, Gill has not stated any claims against Respondents Morano and Hamilton.[2] The mere fact that these two officers arrested Gill does not give rise to a civil claim for damages. Conversely, Gill's conviction in this Court is a strong indication that these two Defendants are entitled to avail themselves of a qualified immunity defense. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (1982). "In determining whether a government official is entitled to qualified immunity, 'we must (1) identify the right allegedly violated, (2) determine whether the constitutional right violated was clearly established at the time of the incident, and

---

[1] *See United States v. Gill*, Crim. Case RDB-13-577 (D. Md. 2013).

[2] Baltimore County Detention Center and the United States of America are not properly named parties for purposes of a civil suit for damages under §1983. The statute provides a civil remedy for constitutional violations committed by "any *person*" under color of law. The Detention Center and the federal government are not "persons."

2

(3) evaluate whether a reasonable offic[ial] would have understood that the conduct at issue violated the clearly established right.'" *Henderson v. Simms*, 223 F.3d 267, 271 (4th Cir. 2000) (quoting *S. P. v. Tacoma Park*, 134 F.3d 260, 265 (4th Cir. 1998)); *see also Vathekan v. Prince Georges Cty*, 154 F.3d 173, 179 (4th Cir. 1998).

In order to state a claim under § 1983 for false arrest, Gill must show that his arrest was made without probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974). Probable cause exists if "at that moment the facts and circumstances with [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964) (citation omitted). A probable cause determination is governed by a totality of the circumstances test. *See Illinois v. Gates*, 462 U.S. 213, 241 (1983); *United States v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988). Whether probable cause to arrest exists is based on information the police had at the time of the arrest. *Id.* at 261.

Here, Gill alleges nothing more than he never received an arrest warrant for the federal criminal charges against him. Even if Gill's allegation is true, the unassailable fact is that an arrest warrant was issued in his case on October 23, 2013, the same date the federal indictment was issued. *See United States v. Gill*, Crim. Case RDB-13-577 (D. Md.) at ECF 3. The alleged failure of any party responsible for providing Gill with a copy of the arrest warrant does not state a constitutional claim.

To the extent Gill challenges the validity of his current incarceration, the proper vehicle for doing so is a Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. §2255, which is filed in the criminal case. Gill has such a motion pending in the criminal case. *See Gill*, Crim.

3

Case RDB-13-577 at ECF 119. The instant petition, to the extent it is a challenge of Gill's conviction, shall be dismissed without prejudice.

A separate Order follows.

SEPTEMBER 5, 2017
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE